UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-mj-3046 |
| | ) | |
| RUSSELL SCHUETZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

Before the Court is Defendant's Motion for Emergency Relief (d/e 5) filed Friday, July 13, 2012.  The Defendant, Russell Schuetz, is represented by Court-appointed counsel Daniel Hillis, Assistant Federal Public Defender.  A hearing on Defendant's motion was held at 4:15 p.m. on Friday, July 13, 2012.   The Defendant and Attorney Hillis were personally present.  The Government appeared through Assistant United States Attorney Tim Bass.  At the conclusion of the hearing the Court took the matter under advisement to draft the instant opinion.

## BACKGROUND

On July 10, 2012, a Complaint and Affidavit and Arrest Warrant (d/e 1) (Criminal Complaint) were issued for Defendant Schuetz.  The Defendant is charged with violation of Title 18 U.S.C.  §1470, using interstate commerce to

knowingly transfer obscene materials to an individual under the age of 16 years knowing that the individual had not attained the age of 16 years, or attempts to do so.  The affidavit in support of the Criminal Complaint shows that Defendant admitted that for the past ten years he has engaged in sexually explicit chats with boys and girls under the age of sixteen and has, during this time period, transmitted webcam video images of himself masturbating to the children along with the sexually explicit online chats.  He also admitted to law enforcement officers that he has saved on his personal computer video of children masturbating that he has received over the Internet.  <u>Criminal Complaint</u>, attached <u>Affidavit in Support of Criminal Complaint</u>.

The Criminal Complaint further establishes that on January 10, 2012, and on April 13, 2012, Defendant engaged in sexually explicit chats and sent video of himself masturbating to a person that the Defendant believed to be a 14 year old girl.  The recipient in each case, however, was an undercover law enforcement officer who was holding himself out to be a 14 year old girl.

At the Defendant's initial appearance on July 10, 2012, the Government moved for detention and asked for a brief continuance of the detention hearing. At no time on July 10, 2012, did the Defendant object to the Government's ability to seek detention.  All parties, including the Court, presumed that detention could be sought based upon the offense charged.

On July 11, 2012, a detention hearing was held. The Defendant was ordered detained based upon a finding of dangerousness pursuant to the Bail Reform Act, Title 18 U.S.C. § 3142(f)(1)(E).

Consistent with the Court's comments in open court on July 13, 2012, the Court is viewing the Defendant's Motion for Emergency Relief (d/e 5) as a motion to reconsider. The Court appreciates the opportunity to revisit and rethink the issue raised in the instant motion for emergency relief. It is clear the Defendant's posture here is not an appeal on the issue of detention to the District Court under 18 U.S.C. § 3145, nor is the Defendant asking the Court to reopen the issue of detention under 18 U.S.C. § 3142(f).

ANALYSIS

The undersigned has been a United States Magistrate Judge for 15 years and before that for many years was a prosecutor and defense attorney. This procedural issue challenging the ability of the Court to allow a detention hearing raised after detention has been ordered is an issue of first impression for the undersigned. Preliminarily the Court addresses the issue of whether or not the Defendant has waived the instant challenge. There was no objection raised on July 10, 2012, when the Government moved for detention. There was no objection raised when the detention hearing was held in full on July 11, 2012. The issue raised in the motion for emergency relief clearly was ripe and could have, and should have, been raised on both of those dates. Motions for

reconsideration may not be used to raise arguments that should have been raised in the first instance.   See Emergency Services Billing corp., Inc., v. Allstate Ins. Co., 2010 WL 1948239, at *1 (N.D. Ind. 2010); In re Rimsat, Ltd., 230 B.R. 362, 366 (N.D. Ind. 1999).  Therefore, the Court denies Defendant's motion because the Defendant has waived this argument.  The Court, however, realizes that detention orders are subject to de novo review on appeal to the District Court.  18 U.S.C. § 3145; see e.g., United States v. Goba, 240 F.Supp.2d 242, 245 (W.D.N.Y. 2003).  The Court, therefore, will address the substantive argument since that issue may be raised on appeal.

Substantively, the Court finds that the Government may seek detention in this case.  The Defendant argues that the Bail Reform Act does not authorize detention in this case because the relevant provision only authorizes the Government to move for detention if crime charged "involves a minor victim." Section 3142(f)(1)(E) of the Bail Reform Act states, in part,

> (f) Detention hearing–The judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will assure . . . the safety of any other person and the community–
>
> (1) upon motion of the attorney for the Government, in a case that involves–
>
> . . . .
>
> (E) any felony that is not otherwise a crime of violence that involves a minor victim . . . .

18 U.S.C. § 3142(f)(1)(E).  The Defendant argues that the crime charged is not a

crime "that involves a minor victim" because a law enforcement officer received the obscene videos and chats on January 10, 2012 and April 13, 2012, not an actual minor. Therefore, the Defendant submits the Bail Reform Act did not authorize the Government to make the motion to detain.

The Government argues that the phrase "involved a minor victim" in §3142(f)(1)(E) encompasses a category of crimes that involve minor victims. The Government argues that the Defendant is charged with transmitting obscene material to a minor, in violation of 18 U.S.C. § 1470. The crime of transmitting obscene material to a minor is within the category of crimes that by definition involve minor victims. The Government properly noted at the hearing that a person commits the offense of transmitting obscene material to a minor if, as here, he is charged with transmitting the obscene material to someone that he believes to be a minor. 18 U.S.C. § 1470. The Government argues that the Defendant is thus charged with a crime that is within the category of crimes that involve a minor victim, and so, the Government may move to detain the Defendant under § 3142(f)(1)(E).

Two courts have considered the meaning of the phrase "crime that involves a minor" in the Bail Reform Act, and reached opposite conclusions. United States v. Rizzuti, 611 F.Supp.2d 967 (E.D. Mo. 2009); contra United States v. Kahn, 524 F.Supp.2d 1278 (W.D. Wash. 2007). As in this case, the defendants in Rizzuti and Kahn were caught by under cover officers posing as minors.

Rizzuti, 611 F.Supp.2d at 968; Kahn, 524 F.Supp.2d at 1279. The Kahn Court concluded that the phrase 'involves a minor victim" requires that the actual victim of specific offense charged must be a minor. Kahn, 524 F.Supp.2d at 1284. The Rizzuti Court concluded that the phrase defines a category of crimes that harm minors and so the Bail Reform act applies even if the defendant is charged with only attempting to commit the crime against a minor. Rizzuti, 611 F.Supp.2d at 970.

The Kahn case and the Rizzuti case both concerned the construction of §3142(c)(1)(B) of the Bail Reform Act. Congress added relevant language to both §§ 3142(c)(1)(B) and 3142(f)(1)(E) of the Bail Reform Act as part of the Adam Walsh Child Protection Safety Act of 2006 (Adam Walsh Act), 109 P.L. 248, Title II, § 216, 120 Stat 617 (July 27, 2006). Congress amended 3142(c)(1)(B) to require electronic monitoring as a minimum condition of pretrial release "[i]n any case that involves a minor victim" under certain crimes identified by sections of Title 18. As quoted above, Congress added § 31423(f)(1)(E) to allow the Government to seek detention of Defendants in certain crimes "that involve a minor victim." The Rizzuti and Kahn opinions are, thus, relevant because they both address the meaning of the phrase "involves a minor victim" in the Adam Walsh Act amendments to the Bail Reform Act.

The Rizzuti court found that a construction of the phrase "involves a minor victim" to mean a categorical description of crimes that harm children was

consistent with Congressional goals.  Rizzuti, 611 F.Supp.2d at 970.  This Court

agrees with the logical analysis in Rizzuti.  Congress enacted the Adam Walsh

Act and amended the Bail Reform Act, "to protect children from sexual

exploitation and violent crime, to prevent child abuse and child pornography,

[and] to promote Internet safety . . . ." 109 P.L. 248, 120 Stat 587.  See also

United States v. Gardner, 523 F.Supp.2d 1025, 1029 (N.D. Cal. 2007) (Congress

enacted the Adam Walsh Act to ensure "that children have additional protection

from sexual attacks and other violent crimes." (internal quotation marks and

citations omitted)).  Often, perpetrators are caught by under cover law

enforcement officers posing as minors on the Internet.  E.g., United States v.

Beauchamp-Perez, 822 F.Supp.2d 7 (D.D.C. 2011); Rizzuti, 611 F.Supp.2d at

968; Kahn, 524 F.Supp.2d at 1279; United States v. Rosenberg, 2004 WL

2187601 (E.D.Pa. September 21, 2004).  Congress wanted the Government to

have the opportunity to seek pretrial detention if the perpetrators of these types

of crimes posed a danger to the community.  The categorical construction of

"involves a minor victim" in § 3142(f)(1)(E) gives the Government the ability to

seek detention in these types of crimes regardless of the method used by law

enforcement.  The Congressional purpose would be frustrated if effective law

enforcement tactics used to apprehend perpetrators, such as use of under cover

officers, would preclude the Government from seeking pretrial detention.

The <u>Rizzuti</u> Court also noted that Congress has used the phrase "actual minor" elsewhere to indicate that the victim must be an actual minor.  <u>Rizzuti</u>, 611 F.Supp.2d at 970.  Congress used the phrase "actual minor" in the PROTECT Act to indicate that the victim must be an actual minor.  <u>Rizzuti</u>, 611 F.Supp.2d at 970; see 18 U.S.C. §§ 2252A(a)(3)(B)(ii), 2252A(c)(2), and 2252A(e).  The PROTECT Act also amended the Bail Reform Act to include the phrase "involving a minor victim."  P.L. 108-21, Title II, § 203, 117 Stat. 660 (April 30, 2003).  The PROTECT Act added § 3142(e)(3)(E) which establishes a rebuttable presumption that no conditions or combination of conditions upon release will assure the safety of the community or the appearance of a defendant at trial in a "case involving a minor victim" under certain crimes identified by sections of Title 18.  Congress elected not to use the phrase "actual minor" in §3142(e)(3)(E) of the Bail Reform Act, but used the phrase "actual minor" elsewhere in the PROTECT Act.  The difference in language in different parts of the same act further supports the conclusion that Congress intended the amendment to the Bail Reform Act to apply not only to "actual minors," but categorically to crimes that harm minors.  Courts have held without comment that § 3142(e)(3)(E) applies to cases that involve charges against perpetrators caught by under cover law enforcement officers when there is no actual minor victim. <u>E.g.</u>,  <u>Beauchamp-Perez</u>, 822 F.Supp.2d at 8; <u>Rosenberg</u>, 2004 WL 2187601, at *1.

The Defendant argues that the plain reading of § 3142(f)(1)(E) requires that there be an actual minor victim.  The <u>Kahn</u> Court agreed with the Defendant's position.  The <u>Kahn</u> Court found that the plain reading of the phrase "case involves a minor victim" requires that the charges allege that the defendant harmed an actual minor victim.  <u>Kahn</u>, 524 F.Supp.2d at 1282-83.

The <u>Kahn</u> Court acknowledged, however, that the plain meaning rule is not applicable if an absurd construction results.  <u>Kahn</u>, 524 F.Supp.2d at 1282.  With all due respect to the Court in the <u>Kahn</u> case, the Court finds that the narrow, plain meaning reading of the phrase "case involves a minor victim" would result in just such an absurd construction.  Under the Defendant's construction, two defendants who are charged with the same crime and who pose the same threat to children in our community would receive different treatment just because law enforcement officials used different methods to apprehend them;  the Government may move to detain one with an actual minor victim, but not the other where law enforcement posed undercover as a minor.  Reading the phrase "involves a minor victim" narrowly would cause just such an absurd result and would be inconsistent with the Congressional goal of protecting the community before such defendants come to trial.

The Court therefore agrees with the logic of the <u>Rizzuti</u> decision and declines to follow the <u>Kahn</u> decision.  The Court finds that the phrase "involves a minor victim" in §3142(f)(1)(E) is a categorical term that refers to the category of

crimes that harm minors.  In this case, the Defendant is charged with transmitting obscene material to a person whom he believed to be a minor under the age of 16 years.  He therefore is charged with a crime that involves a minor victim as that term is used in the Bail Reform Act, and the Government has the authority to move for detention under §3142(f)(1)(E).  The Government has proven that the Defendant poses a danger to the community by clear and convincing evidence. The Defendant does not challenge this point in the Motion.

WHEREFORE Defendant's Motion for Emergency Relief (d/e 5) is DENIED.  Defendant's detention is AFFIRMED.

ENTER:    July 18, 2012

_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE